

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXWXLSON
ATTORNEY GENERAL

*Superseded by*
*art. 29d r.c.S.*

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3640
Re: Gross receipts tax due by
Utilities Company operating in
the city of Borger, which had
less than 10,000 inhabitants ac-
cording to preliminary census
reports published prior to Jan-
uary 1, 1941, but which has more
than 10,000according to correct-
ed census figures.

In your letter of May 31, 1941, you advise us that the
first release by the local census supervisor (1940) gave the town
of Borger less than 10,000 population, which would class it in
the 2500 to 10,000 population bracket, but that this was correct-
ed by Washington release on January 11, 1941, by rating the city
as having a population of 10,018.

You request our opinion as to whether the tax levied
by Article 7060, Revised Civil Statutes, will apply to Borger as
being a city of more than 10,000 inhabitants for the quarter be-
ginning January 1, 1941, based on receipts for the quarter ending
December 31, 1940, or will the tax under the higher bracket not
apply until the quarter beginning April 1, 1941.

Upon inquiry at your office we are advised that the
report by the Utilities company in question was not filed in the
office of the Comptroller until January 13, 1941.

Said Article 7060 reads in part as follows:

"Each individual, company, corporation or
association, owning, operating or managing or con-
trolling any gas, electric light, electric power
or water works, or water and light plant, located
within any incorporated town or city in this State,
and used for local sale and distribution in said
town or city, and charging for such gas, electric
lights, electric power or water, shall make quarter-
ly, on the first days of January, April, July and

October of each year, a report to the Comptroller
under oath of the individual or of the president,
treasurer or superintendent of such company, cor-
poration or association showing the gross amount
received from such business done in each such in-
corporated city or town within this State in the
payment of charges for such gas, electric lights,
electric power or water for the quarter next pre-
ceding. Said individual, company, corporation or
association, at the time of making said report for
any such incorporated town or city of twenty-five
hundred (2500) inhabitants and less than ten thou-
sand (10,000) inhabitants, according to the last
United States Census next preceding the filing
of said report, shall pay to the Treasurer of this
State an occupation tax for the quarter beginning
on said date equal to seven-tenths of one per cent
(0.7 of 1%) of said gross receipts, as shown by
said report; and for any incorporated town or city
of ten thousand (10,000) inhabitants or more, ac-
cording to the last United States Census next pre-
ceding the filing of said report, the said indivi-
dual, company, corporation or association, at the
time of making said report, shall pay to the Trea-
surer of this State an occupation tax for the
quarter beginning on said date an amount equal to
one and three-eights per cent (1 3/8%) of said
gross receipts, as shown by said report."

The preliminary report or release was one of which the
officials and the public might take notice and upon which reliance
could be placed. In other words, it was a sufficient Federal
Census. Holcomb vs. Spikes, 232 S.W.891; Ervin vs. State, 44
S.W. (2d) 380. Under Article 7060 the report of the taxpayer
was due on January 1, 1941, regardless of the fact that no
penalty would be incurred for failure to file for a period of
thirty days. See Arts. 7074 and 7075, Revised Civil Statutes.
In providing that the tax should be graduated "according to the
last United States Census next preceding the filing of said re-
port," we think it was contemplated that the report would be
filed on its due date. In our opinion the lower bracket will
apply in this instance.

Honorable Geo. H. Sheppard, page 3          O-3640


Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:lh:wc

APPROVED JUL 12, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

This Opinion Considered And Approved In Limited Conference